IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHELLICHA CALHOUN, ) | |
| ) | |
| Plaintiff, ) | No. 13 C 1866 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| BOARD OF EDUCATION OF ARBOR ) | |
| PARK SCHOOL DISTRICT NO. 145, ) | |
| COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Phellicha Calhoun has brought a single count complaint against defendant Board of Education of Arbor Park School District 145, Cook County, Illinois under 42 U.S.C. §1983, alleging that defendant deprived her of her civil rights under 42 U.S.C. §2000 et seq. ("Title VII"). Plaintiff seeks legal and equitable relief including, but not limited to, rehiring, compensatory and punitive damages, interest, and attorney's fees. Defendant has moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, defendants' motion is granted.

## BACKGROUND[1]

Plaintiff held a variety of substitute teaching positions with defendant from August 2005 to August 2012. Plaintiff contends that "throughout the course of her employment" she expressed interest in and applied to numerous permanent positions with defendant school

---

[1] The facts are taken from plaintiffs' complaint and are accepted as true for the purposes of the instant motion. McReynolds v. Merrill Lynch & Co., Inc. 694 F.3d 873, 879 (7th Cir. 2012).

district, but was never interviewed or hired for any of these positions despite her positive performance.

Plaintiff alleges that she was the only African-American employed by defendant during her course of employment, and that she was subject to different terms and conditions of employment on account of her race. Specifically, she alleges that defendant did not provide her with a permanent work space or a permanent position. Plaintiff claims that defendant had a statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace, and that defendant's "wrongful actions" caused her to suffer loss of wages, benefits, and other compensation, in addition to other emotional and psychological distress.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). To provide the defendants with "fair notice of what the claim is and the grounds upon which it rests," the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 555 (quoting Fed.R.Civ.P. 8(a)(2)). In addition, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555.

## DISCUSSION

Municipalities, including school districts, may not be held liable for the actions of their employees under the doctrine of respondeat superior in a § 1983 case. Monell v. Dep't of Soc.

Serv., 436 U.S. 658, 690-91 (1978). "Rather, municipal liability attaches only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury [for which] the government as an entity is responsible under § 1983." Cornfield v. Consol. High Sch. Dist. No. 230, 991 F.2d 1316, 1324 (7th Cir.1993) (citations omitted). Thus, defendant may be liable under § 1983 for a civil rights violation if it: (1) had an express policy that, when enforced, caused a constitutional deprivation; (2) had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority. McCormick v.. City of Chicago, 230 F.3d 319, 324 (7th Cir.2000).

Defendant first argues that plaintiff has failed to plead facts sufficient to plausibly suggest that defendant had a policy or custom that caused plaintiff's alleged injuries, or that the policy or custom was the direct cause of these injuries, as required to state a valid § 1983 claim. See Peck v. West Aurora Sch. Dist. 129, 2006 WL 2579678 at *5 (N.D. Ill. 2006) ("For Monell liability to attach…the policy, practice, or custom must be established prior to and be the cause of the alleged illegal conduct."). Plaintiff argues in her response brief that the fact that she was the only African-American employee of defendant, and was regularly and consistently denied permanent positions with defendant, is sufficient to infer a widespread practice of race discrimination. Plaintiff cannot rely on the alleged illegal conduct at issue to establish the existence of a prior custom, however. Peck, 2006 WL 2579678 at *5. Plaintiff's allegation that she was the only African-American employee of the defendant, by itself, is not sufficient to

plausibly suggest above a speculative level that defendant had a permanent and well-settled practice of racial discrimination.

Defendant also argues that plaintiff has failed to adequately allege that her injuries were caused by a person with final decision-making authority. Defendant concedes that it is the final decision-maker for Arbor Park School District 145, but it argues that plaintiff's allegation that defendant's "wrongful actions" caused her injuries is insufficient to state a § 1983 claim above a speculative level. At the motion to dismiss stage, plaintiff need not allege facts in support of each element of her claim; rather, the complaint is sufficient "if it alleges that the employer subjected the employee to an adverse employment action on a prohibited basis, such as race." Day v. River Forest Sch. Dist., 2011 WL 1004611, at *4 (N.D. Ill. 2011). In Day, the plaintiff was also a substitute teacher who was not given a permanent position, but his complaint specifically alleged that the school district instructed its employees not to hire African-Americans and was therefore sufficient to survive a motion to dismiss. Id at *5. Unlike Day, the instant complaint fails to allege any action taken by a decision-maker.

Plaintiff's general allegation that she was denied a permanent workspace and a permanent position does not detail an action by a decision-maker fueled by racial animus. Plaintiff's claim that defendant is "responsible for the acts of its employees" is insufficient because the school district cannot be held liable under a doctrine of respondeat superior. Monell, 436 U.S. at 690-91. Thus, although plaintiff's allegations might have been sufficient to state a claim under Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq., she apparently has not complied with the procedural requirements of that statute and is left with an insufficient claim under § 1983.

4

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss for failure to state a claim (Doc. 22) is granted.


**ENTER:** **September 9, 2013**

_____
**Robert W. Gettleman**
**United States District Judge**